IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Ethel Yvonne Boyd, ) | Civil Action No. 8:07-2021-GRA-WMC |
| ) Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Wal-Mart Supercenter, ) | |
| ) | |
| Defendant. ) | |

      This matter is before the court on the plaintiff's motion to dismiss her case (doc. 74). In her complaint, the plaintiff, who is proceeding *pro se*, alleges that she was denied an interview with defendant Wal-Mart Supercenter ("Wal-Mart"). She claims the human resources representative, Annette Reeder, defamed her by stating the interview was denied because of the plaintiff's poor performance and attitude in previous employment.[1] In her filings with the South Carolina Human Affairs Commission ("SCHAC"), the plaintiff claimed she was denied an interview based upon her race and age. The plaintiff is a black female who was 49 years of age at the time she applied for the position. The human resources representative who denied her the interview is a 42-year-old black female. The plaintiff's complaint has been read liberally by this court to incorporate an employment discrimination claim based on race and age.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

---

[1] The plaintiff and the human resources representative both had previously worked at Louis Rich.

On March 5, 2008, the defendant moved to dismiss the case as the plaintiff still has not provided responses to discovery requests served in November 2007. By order filed March 6, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. When the plaintiff failed to timely respond, this court issued an order on April 14, 2008, giving the plaintiff through May 7, 2008, to file her response to the motion to dismiss, and advising her that if she failed to respond the action would be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On April 22, 2008, the plaintiff filed a response to the motion to dismiss stating in pertinent part, "I have no problem with this case being dismissed, if Mrs. Reeder will retract the statements that she made in reference to my work credibility."

On April 23, 2008, this court filed an order directing the plaintiff to respond to the defendant's discovery requests on or before May 9, 2008. The defendant was directed to notify the court on May 12, 2008, as to whether or not the discovery had been received. This court stated in that order that if the plaintiff failed to comply with the order, the court would recommend dismissal of the case with prejudice.

On May 6, 2008, the plaintiff filed a document stating that she "would like to dismiss [her] case with Wal-Mart . . . ." The defendant responded to the plaintiff's motion on May 12, 2008, stating that it consented to dismissal of the plaintiff's case pursuant to Federal Rule of Civil Procedure 41.

Wherefore, based upon the foregoing, the plaintiff's motion to dismiss (doc. 74) should be granted, and the instant case should be dismissed pursuant to Rule 41 without prejudice.

August 19, 2008
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

2